**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3591-18T4

ALEXEI LEGASSOV,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted April 21, 2020 – Decided May 13, 2020

Before Judges Yannotti and Firko.

On appeal from the New Jersey Department of Corrections.

Alexei Legassov, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Travis M. Anderson, Deputy Attorney General, on the brief).

PER CURIAM

Alexei Legassov appeals from a final decision of the New Jersey Department of Corrections (NJDOC), which found that he committed prohibited acts .210 and *.153, in violation of N.J.S.A. 10A:4-4.1(a), and upheld the sanctions imposed by the departmental hearing officer.  We affirm.

Legassov is an inmate in the State's correctional system.  In February 2019, he was incarcerated at East Jersey State Prison (EJSP).  On February 10, 2019, Officer Froehlich conducted a routine search of Legassov's cell.  Froehlich found and confiscated three twenty-four-ounce bottles, one twelve-ounce bottle, and four V-8 juice bottles, which were hanging near the window.

According to Froehlich, the bottles were filled with a cloudy substance and pieces of fruit.  The officer reported that the substance had a "strong, sweet [and] pungent smell."  Froehlich also discovered and confiscated a large bag weighing about two pounds, which was filled with packets of sugar.

Legassov was charged with committing prohibited act *.551, making intoxicants, alcoholic beverages, or prohibited substances.[1]  Legassov also was charged with committing prohibited act *.153, stealing.  On February 11, 2019, Legassov received notice of the charges.  A corrections officer investigated the

---

[1]  Prohibited acts that are preceded by an asterisk (*) "are considered the most serious and result in the most severe sanctions . . ."  N.J.A.C. 10A:4-4.1(a).

A-3591-18T4

charges and referred the matter for further proceedings before a departmental hearing officer.

The hearing took place on February 11, 2019. Legassov requested and was granted the assistance of a counsel substitute. Counsel substitute requested that the *.551 charge be reduced to a .210 charge, possession of anything not authorized for retention or receipt by an inmate or not issued to the inmate through regular correctional facility channels. Legassov pled guilty to the .210 charge and not guilty to the *.153 charge, stealing.

The hearing officer found Legassov guilty of committing prohibited act *.153. The hearing officer noted that Legassov claimed he obtained the sugar packets from the cafeteria and pointed out that he had almost two pounds of sugar in his cell. The hearing officer stated that inmates are only given two to four packets of sugar at a time. Moreover, Legassov admitted that he did not receive permission to bring the sugar back to his cell.

The hearing officer found that Legassov could not have obtained the amount of sugar that he possessed by taking two to four packets of sugar at a time from the cafeteria within a week's time. The hearing officer also observed that while an inmate may obtain sugar from the prison's canteen, sugar acquired

in this manner is not provided in packets. The hearing officer stated that Legassov's possession of the sugar was excessive and unsanitary.

In addition, the hearing officer found Legassov guilty of committing prohibited act .210. The hearing officer noted that Legassov had numerous bottles in his cells. The bottles labeled for V-8 juice were filled with liquids other than juice, and the oral hygiene bottles found in Legassov's cell were filled with something other than mouthwash.

The hearing officer found that Legassov was not authorized to possess the substances in the bottles. The hearing officer stated that Legassov must follow the prison's rules and regulations, and he could not put "whatever he wants in bottles designated for other items." The hearing officer also stated that inmates must be held accountable "for putting themselves [and] others at risk" of unsanitary and unhealthy conditions.

The hearing officer combined the .210 charge with the *.153 charge for purposes of determining the sanctions to impose. The hearing officer imposed the following sanctions: ninety-five days of administrative segregation, the loss of ninety-five days of commutation time, and the loss of fifteen days of recreational privileges.

Legassov filed an administrative appeal. He contended there was insufficient evidence to support the finding that he stole the sugar found in his cell. Legassov claimed the hearing officer had misinterpreted the facts. He asserted inmates are not prohibited from taking sugar from the inmates' dining room, and he did not need permission to take the sugar back to his cell since it is part of the meals provided. He said he obtained some of the sugar packets from other inmates, which was permissible. In addition, he asserted that the sanctions imposed were not warranted. He stated that the sanctions are unjust and unfair.

On February 12, 2019, Calvin L. Spires, Assistant Superintendent at EJSP, issued a final decision upholding the hearing officer's decision. He found there were no violations of the applicable disciplinary standards and that the hearing officer had not misinterpreted the facts. He also found that the sanctions that the hearing officer imposed were "proportionate" to the violations and leniency was not warranted. This appeal followed.

On appeal, Legassov raises the following arguments:

> POINT I
> THE [NJDOC'S] HEARING OFFICER FAILED TO TAKE INTO ACCOUNT [THAT] INMATES ARE GIVEN MORE THAN [TWO] TO [FOUR] PACKETS OF SUGAR DURING THE MESS MOVEMENTS AND INMATES WHO [DO NOT] WANT THEIR

SUGAR MAY DISPERSE THEIR SUGAR TO OTHER INMATES.

POINT II
THE HEARING OFFICER ERRED IN THE MODIFICATION OF THE CHARGE BECAUSE THERE WAS NO EVIDENCE OF MAKING INTOXICANTS AND THE FINDING OF GUILTY AS TO THE .210 [CHARGE] IS DUPLICATIVE OF THE *.153 CHARGE.

POINT III
THE HEARING OFFICER ERRED IN THE FINDING OF GUILT BECAUSE THE APPELLANT WAS NOT THE INDIVIDUAL LISTED ON THE DISCIPLINARY REPORT.

Judicial review of final decisions of an administrative agency is "severely limited." George Harms Constr. Co. v. N.J. Turnpike Auth., 137 N.J. 8, 27 (1994) (citing Gloucester Cty. Welfare Bd. v. N.J. Civil Serv. Comm'n, 93 N.J. 384, 390 (1983)). The court can "intervene only in those rare circumstances in which an agency action is clearly inconsistent with its statutory mission or with other State policy." Ibid.

In an appeal from a final decision of the NJDOC in a prisoner disciplinary matter, we consider whether there is substantial evidence in the record to support the NJDOC's decision that the inmate committed the prohibited act and whether, in making that decision, the NJDOC followed the departmental regulations governing the disciplinary process, which were adopted to afford the inmates

procedural due process. McDonald v. Pinchak, 139 N.J. 188, 194-95 (1995); Jacobs v. Stephens, 139 N.J. 212, 220-22 (1995).

Legassov argues that the NJDOC erred by finding that he committed prohibited acts *.153 and .210. We disagree. Here, the hearing officer found that Legassov did not obtain permission to remove sugar packets from the dining hall, or permission to store a large quantity of sugar packets in his cell. The hearing officer also found that Legassov was not authorized to possess or retain the bottles with the milky substance that were found in his cell. There is sufficient evidence in the record to support these findings.

Legassov also contends the hearing officer erred by modifying the *.551 charge to a charge of violating .210. He argues there was no evidence that he was making intoxicants and the .210 charge was duplicative of the *.551 charge. Again, we disagree.

The NJDOC's regulations provide in pertinent part that, "[w]henever it becomes apparent at a disciplinary hearing that an incorrect prohibited act is cited in the disciplinary report but that the inmate may have committed another prohibited act, the Adjustment Committee or Disciplinary Hearing Officer shall modify the charge. . . ." N.J.A.C. 10A:4-9.16(a).

The record shows that at the disciplinary hearing, Legassov's counsel substitute asked the hearing officer to modify the charge from *.551 to .210. The hearing officer did not err by modifying the charge because the .210 charge was appropriate and there was sufficient evidence to support the charge. Moreover, the .210 charge was not duplicative of the *.551 charge. The charge of stealing the sugar was separate and distinct from the charge pertaining to the unauthorized possession of the liquid substances found in Legassov's cell.

Legassov further contends that the NJDOC's decision should be reversed because in the Assistant Superintendent's decision, he is referred to by another name. It is clear, however, that this was a typographical error. The final decision states that the appeal is by Inmate No. 1161941, which is Legassov's inmate number. Furthermore, the Assistant Superintendent's decision indicates he is responding to Legassov's administrative appeal, not the appeal of another inmate.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3591-18T4